(No. 76467.—

STEVEN POOLE, Appellee, v. THE CITY OF ROLL-ING MEADOWS et al., Appellants.

*Opinion filed August 10, 1995.—Rehearing denied October 2, 1995.*

NICKELS, J., joined by HEIPLE and HARRISON, JJ., dissenting.

Richard T. Ryan and Mark F. Smolens, of Flynn, Murphy, Ryan & Seyring, of Chicago, for appellants.

Robert J. Cooney, Jr., of Cooney & Conway, of Chicago, for appellee.

JUSTICE MILLER delivered the opinion of the court:

On August 18, 1984, plaintiff, Steven Poole, was shot by Michael Conroy, an on-duty police officer with the Rolling Meadows police department. Plaintiff subsequently brought an action in the circuit court of Cook County against defendants, Conroy and the City of Rolling Meadows, to recover damages for injuries he sustained as a result of the shooting. As amended, plaintiff's two-count complaint alleged that defendants were guilty of willful and wanton misconduct which resulted in Poole's injuries. The complaint further alleged that Conroy violated section 1983 of the Federal civil rights statute. See 42 U.S.C. § 1983 (1982).

With respect to the section 1983 claim, the jury returned a verdict in favor of Conroy. On the State-law claim that defendants acted willfully and wantonly, the jury found in favor of plaintiff and assessed compensatory damages in the amount of $199,164.81. Because the jury further determined that plaintiff was 75% contributorily negligent, the trial judge reduced the award by that percentage and entered judgment on the verdict for $49,791.20.

Plaintiff challenged the reduction of damages, arguing that damages based on willful and wanton misconduct could not be reduced by a plaintiff's contributory negligence. The trial judge granted plaintiff's motion to

reinstate the full jury award and entered judgment notwithstanding the verdict in the amount of $199,164.81. Defendants' post-trial motion challenging the modified judgment was denied. On appeal, the appellate court affirmed the trial judge's reinstatement of the full award of damages. (253 Ill. App. 3d 154.) We thereafter granted defendants' petition for leave to appeal. 145 Ill. 2d R. 315(a).

## FACTS

The incident giving rise to the complaint filed against defendants occurred during the early evening hours of August 18, 1984. On that date, Conroy and three other police officers responded to a call from a neighbor that an individual had been seen entering the home of plaintiff's mother through a second-floor window. While investigating the incident, Conroy mistakenly shot plaintiff, who was coming out of the home's basement into a first-floor hallway.

As a result of the shooting and plaintiff's injury, plaintiff filed suit against defendants. As amended, plaintiff's two-count complaint alleged that defendants were guilty of willful and wanton misconduct in causing plaintiff's injuries and that Conroy violated section 1983 of the Federal civil rights statute (42 U.S.C. § 1983 (1982)). In their answer to the count of the complaint alleging willful and wanton misconduct, defendants pled as an affirmative defense that plaintiff's injuries resulted, in whole or in part, from plaintiff's willful and wanton misconduct or omissions. On the last day that evidence was heard at trial, defendants filed an amended answer. The amended answer was identical in all respects to the original answer except that defendants alleged plaintiff's contributory negligence, rather than plaintiff's willful and wanton misconduct, as an affirmative defense. Plaintiff's motion to strike the amended answer was denied.

During the conference on jury instructions, plaintiff argued that any contributory negligence on his part should not reduce a damage award based on defendants' willful and wanton misconduct. At the time of trial, however, two decisions from the Fourth District of the Appellate Court sanctioned a comparison of plaintiff's contributory negligence with defendant's willful and wanton misconduct under the doctrine of comparative fault. (See *Yates v. Brock* (1989), 191 Ill. App. 3d 358, 361; *State Farm Mutual Automobile Insurance Co. v. Mendenhall* (1987), 164 Ill. App. 3d 58, 61; see also Illinois Pattern Jury Instructions, Civil, No. 21.02.02 (3d ed. 1993), Notes on Use, at 21—10; *Davis v. United States* (7th Cir. 1983), 716 F.2d 418, 429; *Downing v. United Auto Racing Association* (1991), 211 Ill. App. 3d 877, 895-898; see generally Annot., *Application of Comparative Negligence in Action Based on Gross Negligence, Recklessness, or the Like*, 10 A.L.R.4th 946 (1981).) The trial judge ruled that the jury could consider plaintiff's contributory negligence in reducing the damages awarded for defendants' willful and wanton misconduct, and over plaintiff's objection, instructed the jury accordingly.

The jury subsequently returned a verdict in favor of Conroy on the section 1983 claim. On the State-law claim based on allegations of willful and wanton misconduct, the jury found for plaintiff and assessed damages in the amount of $199,164.81. The amount of damages was reduced by 75%, the percentage of contributory negligence the jury attributed to plaintiff. Judgment for plaintiff was, therefore, entered on the jury's verdict in the amount of $49,791.20.

In his post-trial motion, plaintiff challenged the reduction of damages, arguing that the amount of defendants' liability award could not be reduced by the percentage of plaintiff's contributory negligence. Be-

tween the time judgment was entered on the verdict and the filing of the post-trial motion, the First District of the Appellate Court issued its opinion in *Burke v. 12 Rothschild's Liquor Mart, Inc.* (1991), 209 Ill. App. 3d 192. The *Burke* court disagreed with the Fourth District cases and held that a defendant who was found guilty of willful and wanton misconduct was not entitled to a reduction in damages based on a plaintiff's contributory negligence. (*Burke*, 209 Ill. App. 3d at 203-06.) In light of the appellate court's decision in *Burke*, the trial judge granted plaintiff's request for post-trial relief and entered judgment notwithstanding the verdict in the amount of $199,164.81. Defendants' post-trial motion challenging the modified judgment was denied.

On appeal, defendants argued, among other things, that the trial judge erred in reinstating the full award of damages. Defendants contended that because of the change in law engendered by *Burke*, the appropriate remedy was a remand for a new trial to allow the jury to determine whether plaintiff acted willfully and wantonly and, if so, to compare plaintiff's willful and wanton misconduct with defendants' willful and wanton misconduct. Because *Burke* held that a plaintiff's contributory negligence could not reduce a defendant's liability based on willful and wanton misconduct, defendants contended that a new trial was warranted to allow them to proceed on a correct theory of the law.

After the appeal was filed in the appellate court, but before the case was decided, this court affirmed the appellate court's decision in *Burke*. (*Burke v. 12 Rothschild's Liquor Mart, Inc.* (1991), 148 Ill. 2d 429.) In *Burke*, this court held that a plaintiff's negligence could not reduce a damage award based on the willful and wanton misconduct of a defendant. This determination was based on the "qualitative distinction" between acts of simple negligence and willful and wanton misconduct.

"[W]illful and wanton [mis]conduct carries a degree of opprobrium not found in merely negligent behavior ***." *Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, 451.

Based on this court's decision in *Burke*, the appellate court in the present case found that the trial judge's decision to reinstate the full damage award was proper. Relying on *Medina v. City of Chicago* (1992), 238 Ill. App. 3d 385, the appellate court also rejected defendants' argument that the appropriate remedy was a new trial to allow defendants to assert the affirmative defense of plaintiff's willful and wanton misconduct. (253 Ill. App. 3d at 160-61.) In *Medina*, the appellate court, faced with facts similar to the present case, reinstated the full jury award which was reached before comparing plaintiff's contributory negligence with defendants' willful and wanton misconduct. *Medina*, 238 Ill. App. 3d at 394.

Following the appellate court's decision in the present case, defendants petitioned this court for leave to appeal. We subsequently granted defendants' petition (145 Ill. 2d R. 315(a)) and, for the following reasons, reverse the judgment of the appellate court and remand for a new trial.

## DISCUSSION

On appeal to this court, defendants argue that it was error for the trial judge to reinstate the full jury award. Defendants contend that they asserted plaintiff's contributory negligence as an affirmative defense based on the state of the law at the time the case was tried. Because *Burke*, 148 Ill. 2d 429, was read to mean that it was error to instruct the jury to compare plaintiff's contributory negligence with any form of defendants' willful and wanton misconduct, defendants argue that the trial judge should have granted them a new trial to assert an affirmative defense based on plaintiff's willful and wanton misconduct, rather than reinstating the

jury verdict. By the trial judge's reinstatement of the full verdict, defendants maintain that they have been deprived of the opportunity to present a viable defense based on plaintiff's willful and wanton misconduct. We agree that the reinstatement of the verdict was error and that a new trial is warranted in this case, but for a different reason than that advanced by defendants.

As previously noted, this court in *Burke* held that because of the "qualitative difference" between simple negligence and willful and wanton misconduct a plaintiff's negligence could not be compared with a defendant's willful and wanton misconduct. (*Burke*, 148 Ill. 2d at 451-52.) Although the *Burke* court ruled that a plaintiff's negligence could not be compared with a defendant's willful and wanton misconduct, *Burke* does not completely dictate the outcome of this case. Before oral arguments were heard here, we filed our opinion in *Ziarko v. Soo Line R.R. Co.* (1994), 161 Ill. 2d 267, in which a plurality of this court reviewed the decision in *Burke* and limited its application and analysis to those cases in which the willful and wanton misconduct was intentional.

In *Ziarko*, we recognized that the label "willful and wanton misconduct" has developed in this State as a hybrid between acts considered negligent and those found to be intentionally tortious. "Under the facts of one case, willful and wanton misconduct may be only degrees more than ordinary negligence, while under the facts of another case, willful and wanton acts may be only degrees less than intentional wrongdoing." *Ziarko*, 161 Ill. 2d at 275-76.

In acknowledging that willful and wanton acts share similar characteristics with acts of ordinary negligence in some cases, a plurality of this court believed that *Burke*'s holding that there was a "qualitative distinction" between willful and wanton acts and negligent

acts did not consider the dual characteristics of willful and wanton misconduct. The plurality in *Ziarko* therefore distinguished *Burke*, stating that the *Burke* court limited its analysis to willful and wanton acts that were committed intentionally, and did not consider willful and wanton acts committed recklessly. (*Ziarko*, 161 Ill. 2d 267.) In *Ziarko*, the plurality found no injustice to the rule adopted in *Burke* to the extent that it applied to willful and wanton misconduct amounting to intentional behavior. However, the plurality found that the rule in *Burke* was not valid when applied to willful and wanton acts that were simply reckless, rather than intentional. *Ziarko*, 161 Ill. 2d at 279.

Although *Ziarko* involved principles of contribution, rather than contributory fault principles, the plurality specifically discussed the ruling in *Burke* and to what extent a plaintiff's contributory negligence could be compared with a defendant's willful and wanton misconduct in apportioning damages. Under the plurality's analysis of *Burke* in *Ziarko*, a jury would therefore be precluded from reducing a defendant's damages by a plaintiff's contributory negligence if the defendant's willful and wanton misconduct was intentional. On the other hand, if a defendant's conduct amounted to reckless willful and wanton behavior, plaintiff's damages could be reduced by the percentage of his contributory negligence. (*Ziarko*, 161 Ill. 2d at 279.) Although only a plurality in *Ziarko* subscribed to the preceding analysis of *Burke*, we adhere to those views here.

In rendering their decisions, both the trial court and the appellate court in the present case relied on authority which held that a plaintiff's contributory negligence could not be compared with a defendant's willful and wanton misconduct. However, under the *Ziarko* plurality's interpretation of this court's opinion in *Burke*, a plaintiff's contributory negligence may be compared to a

defendant's willful and wanton misconduct, if that willful and wanton misconduct was committed recklessly, rather than intentionally. Consequently, whether reinstatement of the full award of damages was appropriate here depends, in part, on whether defendants' willful and wanton misconduct was committed intentionally or recklessly.

Here, the jury was given the following instruction on the definition of willful and wanton misconduct:

> "When I use the expression 'willful and wanton misconduct,' I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others." (See Illinois Pattern Jury Instructions, Civil, No. 14.01 (3d ed. 1993) (hereinafter IPI Civil 3d).)

As we noted in *Ziarko,* this particular instruction recognizes that a distinction should be drawn between willful and wanton acts that are intentional and misconduct that is reckless. Moreover, with respect to this instruction, the Notes on Use advise trial judges that the phrase "actual or deliberate intention to harm" should be omitted unless a deliberate intention to harm is alleged and supported by evidence sufficient to make a submissible case. IPI Civil 3d No. 14.01, Notes on Use, at 14—3.

As previously stated, the jury in the present case found that defendants were guilty of willful and wanton misconduct. However, the instruction was not limited to a particular kind of willful and wanton misconduct, and no special interrogatory was submitted to the jury to determine whether the type of willful and wanton misconduct defendants were guilty of was reckless or intentional. Moreover, the complaint alleged that the willful and wanton misconduct of defendants was committed both intentionally and with "conscious, reckless disregard or indifference." It is therefore unclear from

the jury's verdict which type of willful and wanton misconduct defendants were found guilty of because the distinction between intentional and reckless willful and wanton misconduct neither was plead nor was the jury specifically asked to characterize defendants' misconduct.

Because we cannot determine whether defendants were guilty of intentional or reckless willful and wanton misconduct, we are also unable to determine whether plaintiff's contributory negligence could be compared to defendants' misconduct in apportioning damages. Further, in viewing the evidence in the light most favorable to defendants, we cannot say that the evidence so overwhelmingly indicated that defendants' conduct was intentionally willful and wanton that plaintiff's contributory negligence could not be taken into consideration in reducing the jury award. See *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510.

Because it is unclear whether defendant's willful and wanton misconduct was committed intentionally or recklessly, the trial court erred in reinstating the verdict. We therefore remand to the trial court for a new trial consistent with our opinion here.

## CONCLUSION

For the foregoing reasons, the decisions of the trial and appellate courts are reversed and the cause is remanded to the trial court for a new trial.

*Appellate court reversed;*
*trial court reversed;*
*cause remanded.*

JUSTICE NICKELS, dissenting:

I respectfully dissent from the majority's holding that liability for willful and wanton conduct may be reduced based on the injured party's ordinary negligence, so long as the tortfeasor's willful and wanton

conduct is merely "reckless" rather than "intentional." In *Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, this court held that willful and wanton conduct is qualitatively different from ordinary negligence and carries a degree of opprobrium not found in ordinary negligence. In so holding, the court suggested no distinction, such as the majority draws today, between "intentionally" and "recklessly" willful and wanton conduct. The General Assembly has recently enacted legislation which would appear to have the effect of overruling *Burke* for future cases. (See Pub. Act 89—7, § 15, eff. March 9, 1995 (amending 735 ILCS 5/2—1116 (West 1992)).) However, the new statutory provision does not apply to this case, and the majority does not suggest that the provision is in any way germane to its decision.

Nor was *Burke*'s vitality affected by *Ziarko v. Soo Line R.R. Co.* (1994), 161 Ill. 2d 267. The six members of the court who participated in the decision of *Ziarko* were evenly divided on the question of whether *Burke* should be limited to cases involving "intentionally" willful and wanton misconduct. (Compare *Ziarko*, 161 Ill. 2d at 279 (plurality opinion), with *Ziarko*, 161 Ill. 2d at 289 (Harrison, J., concurring) ("I see no justification for revisiting our decision in *Burke*"), and *Ziarko*, 161 Ill. 2d at 292 ( Nickels, J., dissenting, joined by Heiple, J.) ("I see no reason to depart from [*Burke*'s] reasoning finding a qualitative difference between negligence and willful and wanton conduct that prevents application of comparative fault principles").) Lacking the support of a majority of the members of the court, this suggested limitation did not achieve the status of a precedential holding. (See 20 Am. Jur. 2d *Courts* § 195 (1965).) *Burke* supplies the rule of decision for the case at bar, and in my view the majority's departure from *Burke* is ill-advised.

Citing the plurality opinion in *Ziarko*, the majority contends that willful and wanton misconduct has developed in Illinois as a hybrid between acts considered negligent and those considered intentionally tortious, and that in some cases willful and wanton acts share similar characteristics with acts of ordinary negligence. (167 Ill. 2d at 47.) The majority maintains that the *Burke* court failed to consider the "dual characteristics" of willful and wanton conduct, and that *Burke*'s holding should be limited to cases involving willful and wanton conduct amounting to intentional behavior. (167 Ill. 2d at 47-48.) The resultant rule: liability for "recklessly" willful and wanton conduct may be reduced on account of the plaintiff's ordinary negligence while liability for "intentionally" willful and wanton conduct may not.

I disagree with the majority's reasoning. As indicated in my dissent in *Ziarko*, although willful and wanton conduct shares characteristics of both intentional and negligent conduct, it is analytically distinct from either concept. (*Ziarko*, 161 Ill. 2d at 293 (Nickels, J., dissenting).) Willful and wanton conduct involves acts performed in conscious disregard of a known risk or with utter indifference to the consequences. While such conduct may be less opprobrious than the deliberate infliction of injury, it is still significantly more blameworthy and qualitatively different from ordinary negligence. According to the leading text on the subject of tort law, the terms "willful," "wanton" and "reckless," individually or in combination, mean essentially the same thing, and refer to conduct involving a state of mind that has been described as "quasi-intent." (W. Keeton, Prosser & Keeton on Torts § 34, at 212 (5th ed. 1984) (hereinafter Prosser).) These terms "apply to conduct which is still, at essence, negligent, rather than actually intended to do harm, but which is so far from a proper state of mind that it is treated in many respects

as if it were so intended." (Prosser § 34, at 212-13.) Thus, willful and wanton conduct is properly viewed as "an aggravated form of negligence, differing in quality rather than in degree from ordinary lack of care." Prosser § 34, at 212.

Accordingly, while the majority's characterization of willful and wanton conduct as a hybrid between intentional and negligent conduct is correct, it does not undermine the reasoning in *Burke* that all willful and wanton conduct is qualitatively different from ordinary negligence. I see no persuasive reason to depart from or revise *Burke*, and thus I respectfully dissent.

JUSTICES HEIPLE and HARRISON join in this dissent.